# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY SHAW, | Case No. 1:18-cv-01376-LJO-BAM |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| FRESNO COUNTY JAIL, et al., | (Doc. No. 1) |
| Defendants. | **THIRTY-DAY DEADLINE** |

Plaintiff Billy Shaw ("Plaintiff"), a former county jail inmate, is proceeding pro se and in forma pauperis in this civil rights action against the Fresno County Jail and Judge D. Kalemkarian. Plaintiff's complaint, filed on October 5, 2018, is currently before the Court for screening. (Doc. No. 1.)

**I. Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**I.     Plaintiff's Allegations**

In Claim I, Plaintiff asserts that he was arrested on false charges, denied his medication for six days and incarcerated over 72 hours. Specifically, Plaintiff alleges as follows:

> I was arrested on 7-11-18-for supposedly violating a Temporary [Restraining] Order, of which I had no knowledge of. I repeatedly was denied access to my medications. I was told repeatedly to file a grievance form − which I did. I was held and incarcerated over the 72 hrs limit in which I was supposed to be arraigned or released. I spent 144 hrs in jail before I was taken to court for arraignment.

(Doc. No. 1 at 3.) Plaintiff asserts that he was very sick, nauseated and had pounding headaches. He also had stomach cramps and chest pains. He was unable to sleep, could barely eat, lost 10 pounds, and was paranoid, nervous and suffered anxiety attacks. (Id.)

In Claim II, Plaintiff asserts that he "was held beyond the 72 hrs limit for arrest," and "was not released on time after the 72 hrs." (Id. at 4.) Plaintiff reasserts that he was paranoid, nervous, suffered anxiety attacks and could not sleep. (Id.)

In Claim III, Plaintiff asserts that he was arrested on false charges for violating a Temporary Restraining Order. In particular, Plaintiff alleges as follows:

2

> I was downstairs on the 1st floor BF Sisk Superior Courthouse . . . . I was waiting to see my daughter – Nyechelle Nicole Shaw-when she finally came in – I said "Hi Nyechelle" and her Mother Inez Taylor started yelling and made a scene, and complain to the sheriffs that I had violated a temporary restraining order – and I responded by telling that the Restraining Order hasn't been enforced yet and that's why we are here so the Judge could decide on the restraining order – Unbeknownst to me Inez had file an temporary [restraining] order but no one told me about it. I was arrested – I spent six days in Jail and I was released on a [illegible] after being confined for six days – from – 7-11-18 thru 7-16-18, and I have been going to Court consistently for 4 months – the case was finally dismissed on 10-2-18 for lack of evidence.

(Doc. No. 1 at 5.) Plaintiff claims he was stressed, worried, paranoid and suffered from anxiety attacks. (Id.)

In summary, Plaintiff contends that he would like to file a lawsuit against the Fresno County Jail because of the neglect, denial and lack of proper care and attention concerning his welfare and health and the total lack of responsibility and accountability from the Sheriff's employees and medical staff. Plaintiff seeks damages in the amount of $250,000. Plaintiff is also filing a lawsuit against Judge D. Kalemkarian for neglect and misconduct in the amount of $250,000.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. However, as Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the below-identified deficiencies to the extent he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.;

3

see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to link any factual allegation to an individual defendant. In any amended complaint, Plaintiff must allege what each individual did or did not do that resulted in a violation of Plaintiff's rights.

### C. Defendant Fresno County Jail

The Fresno County Jail is not a proper defendant. Rather, the proper legal entity is Fresno County, the entity that operates the jail. However, Plaintiff cannot hold the county liable simply because it employs individual wrongdoers. There is no respondeat superior liability under § 1983, and a municipality (or county) cannot be held liable solely because it employs a tortfeasor. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Local governments, such as Fresno County, are subject to liability under 42 U.S.C. § 1983 only where an official policy or custom

causes a deprivation of constitutional rights. Id. at 690-91. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must demonstrate: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). Here, Plaintiff's complaint fails to identify a specific policy, custom or practice of Fresno County that he contends resulted in a violation of his constitutional rights. Plaintiff will be given leave to cure this deficiency.

### D. Defendant Judge Kalemkarian

Plaintiff fails to state a cognizable claim against Judge Kalemkarian for actions taken in his judicial capacity. Plaintiff is advised that absolute immunity is generally accorded to judges functioning in their official capacities. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991); see also Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . . ."). To the extent Plaintiff seeks to allege violations based upon judicial conduct, judges are absolutely immune from suit.

### E. Pre-Trial Detainee Right to Medical Care

A pretrial detainee's constitutional rights are addressed under the due process clause of the Fourteenth Amendment. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067–68 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017). The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those

conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

Here, Plaintiff's complaint fails to adequately identify any individual purportedly responsible for the denial of his medications while he was detained in the Fresno County Jail. Further, Plaintiff's complaint fails to include allegations suggestion that any individual made an intentional decision to deny Plaintiff medical or that any individual appreciated that Plaintiff was at substantial risk of suffering serious harm. Plaintiff will be granted leave to amend to cure these deficiencies.

### F.     False Arrest

The Fourth Amendment requires that an arrest be supported by probable cause. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001); Michigan v. Summers, 452 U.S. 692, 700 (1981) (stating that an arrest is unreasonable unless there is probable cause to support it). "Probable cause exists when 'under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime.'" Luchtel v. Hagemann, 623 F.3d 975, 979 (9th Cir. 2010) (citation omitted).

Plaintiff's complaint fails to allege facts demonstrating that there was not probable cause for his arrest. Plaintiff admits in his complaint that there was a restraining order issued against him, but does not state demonstrate how his lack of knowledge regarding the restraining order showed the absence of probable cause to arrest him.

### G.     Delayed Court Appearance

"When a person is arrested without the benefit of a warrant supported by probable cause, the Fourth Amendment requires a judicial determination of probable cause to occur 'promptly' after their arrest." Jones v. City of Santa Monica, 382 F.3d 1052, 1055 (9th Cir. 2012) (citing Gerstein v. Pugh, 420 U.S. 103, 114 (1975)). The nature of this probable cause determination

"usually will be shaped to accord with a State's pretrial procedure viewed as a whole." Gerstein, 420 U.S. at 123; see also Jones, 382 F.3d at 1055. An adversarial hearing is not required, and the arrestee need not make a personal appearance. Jones, 382 F.3d at 1055–56. However, the Supreme Court has warned that the flexibility provided for in Gerstein has its limits: "[a] State has no legitimate interest in detaining for extended periods individuals who have been arrested without probable cause." Cty. of Riverside v. McLaughlin, 500 U.S. 44, 55 (1991). Probable cause determinations made within forty-eight hours of the arrest presumptively comply with the requirement of promptness, whereas determinations made after forty-eight hours do not. Id. at 55–56.

Plaintiff's complaint fails to allege that he was arrested without a warrant or that he did not otherwise receive a probable cause determination. Further, Plaintiff has not linked the County or any other individual defendant to this claim.

**F.  State Law Claims**

It is unclear whether Plaintiff is attempting to assert state law claims. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In the absence of any cognizable federal claims, the Court declines to address any purported state law claims.

**II.  Conclusion**

Plaintiff's complaint fails to state a cognizable federal claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 17, 2019**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE