# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY SHAW,<br><br>        Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01376-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 11)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Billy Shaw ("Plaintiff"), a former county jail inmate, is proceeding pro se and in forma pauperis in this civil rights action against Fresno County, Judge D. Kalemkarian and Wellpath Center. On January 17, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (Doc. No. 1.) Plaintiff's first amended complaint, filed on March 5, 2019, is currently before the Court for screening. (Doc. No. 11.)

**I.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28

1

U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff alleges that he was arrested on a temporary restraining order that was expired and void. He was incarcerated and held beyond the three-day limit to be charged, arraigned or set free. Plaintiff further alleges that he was denied his medication for six days.

### Judge Kalemkarian

Plaintiff contends that he is suing Judge Kalemkarian based on an abuse of discretion, legal malpractice and negligence. Plaintiff claims that Judge Kalemkarian decided to continue a restraining order court date without Plaintiff's present or knowledge on July 11, 2018 in contradiction of a recorded statement that both parties agreed to a continuance of the next court for the restraining to September 1, 2018. Plaintiff alleges that he never agreed to the continuance of the new court because he was not present in court when Judge Kalemkarian made the statement. Plaintiff explains that he was not present in court because he had been arrested downstairs in the courthouse lobby. Plaintiff asserts that he has copies, statements, written testimony and documentation proving that he was falsely arrested by Deputy Fullhart for

2

violating a court order to prevent domestic violence.

### The Wellpath Center

Plaintiff contends that he is suing The Wellpath Center for its employees' medical malpractice and negligence. Plaintiff claims that they denied him proper medical attention and refused to provide him with medications. Plaintiff alleges that The Wellpath Center was the agency contracted with the Fresno County Jail during the time of his incarceration from July 11, 2018 to July 16, 2018. At the time, plaintiff reportedly was denied and refused by The Wellpath Center's nurse. Plaintiff asserts that his proof is the grievance form he filed against the medical staff for denying him and neglecting to give him his needed medication. Plaintiff explains that he takes high blood pressure medications to keep him alive, along with medication for his schizophrenia.

### Fresno County

Plaintiff also is suing the County of Fresno because he was falsely arrested on an expired temporary restraining order that was void on July 11, 2018.

### Relief

Plaintiff seeks monetary damages against all named defendants.

**III.     Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was

3

involved. Plaintiff has been unable to cure this deficiency.

### B. Defendant Fresno County

Plaintiff cannot hold the county liable simply because it employs individual wrongdoers. There is no respondeat superior liability under § 1983, and a municipality (or county) cannot be held liable solely because it employs a tortfeasor. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Local governments, such as Fresno County, are subject to liability under 42 U.S.C. § 1983 only where an official policy or custom causes a deprivation of constitutional rights. Id. at 690-91. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must demonstrate: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). Here, Plaintiff's complaint fails to identify a specific policy, custom or practice of Fresno County that he contends resulted in a violation of his constitutional rights. Plaintiff has been unable to cure this deficiency.

### C. Defendant Judge Kalemkarian

Plaintiff fails to state a cognizable claim against Judge Kalemkarian for actions taken in his judicial capacity. Absolute immunity is generally accorded to judges functioning in their official capacities. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991); see also Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . . ."). To the extent Plaintiff seeks to allege violations based upon judicial conduct, judges are absolutely immune from suit. The deficiencies in Plaintiff's claim against Judge Kalemkarian cannot be cured by amendment.

4

**D.  Pre-Trial Detainee Right to Medical Care**

A pretrial detainee's constitutional rights are addressed under the due process clause of the Fourteenth Amendment. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067–68 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017). The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

Here, Plaintiff's complaint fails to adequately allege that any individual made an intentional decision to deny Plaintiff medical care or medications or that any individual appreciated that Plaintiff was at substantial risk of suffering serious harm. Plaintiff also fails to allege that he suffered any injury whatsoever as a result of any failure to provide medications or medical care. Plaintiff has been unable to cure the deficiencies of this claim.

**E.  False Arrest**

The Fourth Amendment requires that an arrest be supported by probable cause. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001); Michigan v. Summers, 452 U.S. 692, 700 (1981) (stating that an arrest is unreasonable unless there is probable cause to support it). "Probable cause exists when 'under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime.'" Luchtel v. Hagemann, 623 F.3d 975, 979 (9th Cir. 2010) (citation omitted).

Plaintiff's amended complaint fails to allege facts demonstrating that there was not probable cause for his arrest. According to exhibits attached to the amended complaint, Officer Fullhart conducted a record check and confirmed with the Fresno Sheriff's Office that a domestic

violence restraining order against Billy Shaw was valid prior to the arrest. (Doc. No. 11 at 9-10.) Thus, Plaintiff's amended complaint fails to state a cognizable claim for false arrest. Plaintiff has been unable to cure the deficiencies of this claim.

### F. Delayed Court Appearance

"When a person is arrested without the benefit of a warrant supported by probable cause, the Fourth Amendment requires a judicial determination of probable cause to occur 'promptly' after their arrest." Jones v. City of Santa Monica, 382 F.3d 1052, 1055 (9th Cir. 2012) (citing Gerstein v. Pugh, 420 U.S. 103, 114 (1975)). The nature of this probable cause determination "usually will be shaped to accord with a State's pretrial procedure viewed as a whole." Gerstein, 420 U.S. at 123; see also Jones, 382 F.3d at 1055. An adversarial hearing is not required, and the arrestee need not make a personal appearance. Jones, 382 F.3d at 1055–56. However, the Supreme Court has warned that the flexibility provided for in Gerstein has its limits: "[a] State has no legitimate interest in detaining for extended periods individuals who have been arrested without probable cause." Cty. of Riverside v. McLaughlin, 500 U.S. 44, 55 (1991). Probable cause determinations made within forty-eight hours of the arrest presumptively comply with the requirement of promptness, whereas determinations made after forty-eight hours do not. Id. at 55–56.

Plaintiff's complaint fails to allege that he was arrested without a warrant or that he did not otherwise receive a probable cause determination. Further, Plaintiff has not linked the County or any other individual defendant to this claim.

### G. State Law Claims

Insofar as Plaintiff has asserted state law claims for negligence and malpractice, he has failed to allege compliance with the California Government Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Shirk v.

1 | Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Plaintiff has not done so here.

**IV.     Conclusion and Recommendations**

Plaintiff's amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2019**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE